**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE LEE MYERS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF FCI FAIRTON, <br><br> Respondent. | Civil Action No. 21-19952 (KMW) <br><br> **OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Ronnie Lee Myers pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition. (ECF No. 10.) Petitioner did not file a reply. (ECF Docket Sheet.) For the following reasons, the petition is denied.

**I.  BACKGROUND**

Petitioner is a convicted federal prisoner currently confined in FCI Fairton. (ECF No. 1 at 1-2.) His current detention arises out of a judgment of conviction entered in June 2021 in the District of Maryland. (ECF No. 10-1 at 12-18.) Specifically, Petitioner was convicted of conspiracy to distribute and possess with the intention to distribute a controlled substance, possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). (*Id.*) In his petition, Petitioner asserts that he believes that he should be entitled to additional jail credits under the First

Step Act based on his completion of recidivism reduction training, which the BOP has not yet awarded him. (ECF No. 1 at 6-7.) Petitioner, however, did not seek relief through the BOP grievance system before filing his petition, and by his own admission has not exhausted his remedies prior to pursuing this matter. (*Id.*) Indeed, according to BOP records, Petitioner has not filed any grievances of any sort during his current period of imprisonment. (*See* ECF No. 10-1 at 10.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   DISCUSSION

In its response, the Government argues that Petitioner's habeas petition must be dismissed because Petitioner did not even attempt to exhaust his administrative remedies before filing this habeas matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas

2

petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). Here, Petitioner did not even attempt to request additional credits from the BOP through the prison grievance system, nor has he tried to show cause and prejudice or exceptional circumstances sufficient to excuse his failure to exhaust. Thus, his petition is subject to dismissal without prejudice for that reason alone.

Putting aside the exhaustion issue, however, Petitioner's habeas petition must also be denied on the merits because it is perfectly clear that he is not entitled to the credits he seeks. Pursuant to the First Step Act, a "prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . § 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii); *see also United States v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) (a § 924(c) conviction "bars [a prisoner] from receiving good-time credit under the First Step Act"). Because Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking offense pursuant to § 924(c), he is ineligible for the credits he seeks. Thus, even if Petitioner could show cause to overcome his lack of exhaustion, his petition is without merit and his habeas petition must be denied as such.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

3